**In the Matter of Michael A. RAGLAND, Petitioner.**

No. 49S00–9608–DI–565.

Supreme Court of Indiana.

Dec. 18, 2007.

## ORDER GRANTING REINSTATEMENT

On July 1, 1998, this Court suspended Petitioner for six months without automatic reinstatement. *See In re Ragland,* 697 N.E.2d 44 (Ind.1998). Petitioner filed a petition for reinstatement on April 17, 2006. On October 12, 2007, the Indiana Supreme Court Disciplinary Commission, pursuant to Indiana Admission and Discipline Rule 23(18)(b), filed its recommendation that Petitioner be reinstated to the practice of law in this State.

A petition for reinstatement may be granted only if the petitioner proves to the Commission by clear and convincing evidence that:

(1) The petitioner desires in good faith to obtain restoration of his [or her] privilege to practice law;

(2) The petitioner has not practiced law in this State or attempted to do so since he or she was disciplined;

(3) The petitioner has complied fully with the terms of the order for discipline;

(4) The petitioner's attitude towards the misconduct for which he or she was disciplined is one of genuine remorse;

(5) The petitioner's conduct since the discipline was imposed has been exemplary and above reproach;

(6) The petitioner has a proper understanding of and attitude towards the standards that are imposed upon members of the bar and will conduct himself or herself in conformity with such standards;

(7) The petitioner can safely be recommended to the legal profession, the courts and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence, and in general to aid in the administration of justice as a member of the bar and an officer of the Courts;

(8) The disability has been removed, if the discipline was imposed by reason of physical or mental illness or infirmity, or for use of or addiction to intoxicants or drugs;

(9) The petitioner has taken the Multistate Professional Responsibility Examination (MPRE) within six (6) months before or after the date the petition for reinstatement is filed and passed with a scaled score of eighty (80) [or above].

Admis. Disc. R. 23(4)(b).

In its order of suspension, the Court stated that if Petitioner is reinstated, he would be subject to a one-year period of probation during which Petitioner must comply with certain conditions. Petitioner executed an Interim Monitoring Agreement ("Monitoring Agreement") with the Judges and Lawyers Assistance Program ("JLAP") on April 7, 2004, and continues under JLAP's care and monitoring. The Court finds the passage of time and Petitioner's compliance with the terms of the Monitoring Agreement substantially satisfy the purpose of the probationary terms set forth in the Court's order of suspension

This Court, being duly advised, finds that the recommendation of the Commission should be accepted. The Court therefore reinstates Petitioner to the practice of law in this state without condition.

The Court directs the Clerk to forward a copy of this Order to the hearing officer, to Petitioner or Petitioner's attorney, to the Indiana Supreme Court Disciplinary Commission, and to all other entities entitled to notice of actions related to suspensions under Admission and Discipline Rule 23(3)(d).

All Justices concur.